UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA VUKIC,

                    Plaintiff,

         -against-                                        20-CV-0646 (CM)

UNIVERSAL PROTECTION SERVICE                              TRANSFER ORDER
LLC,

                    Defendant.

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. She alleges that her former employer discriminated and retaliated against her based on her race, color, and religion. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

A.      **Venue for Claims under Title VII**

A Title VII claim must be asserted in:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such [a claim] may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff, a resident of Queens County, New York, filed this complaint regarding events occurring in Flushing, Queens County, New York. Because the alleged events occurred in Queens County, New York, all of the United States District Courts within the State of New York

– including this Court and the Eastern District of New York – are proper venues for Plaintiff's Title VII claims.

**B.    Venue for Claims under § 1981**

Claims under § 1981 are governed by the general venue provision, 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff asserts that Defendant is located in Conshohocken, Montgomery County, Pennsylvania, but that her place of employment was in Queens County, New York. Because Plaintiff does not allege that any defendant resides or is subject to jurisdiction in this district or that any of the events giving rise to her § 1981 claims arose in this district, venue for her § 1981 claims does not appear to be proper in this Court under § 1391(b). Plaintiff's claims arose in Queens County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, venue for Plaintiff's § 1981 claims appears to be proper in the Eastern District of New York.

**C.    Transfer under 28 U.S.C. § 1404(a)**

As noted above, this Court is a proper venue for Plaintiff's Title VII claims, but not for her § 1981 claims. But even if venue were proper here for all the claims, the Court may transfer

claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer of this action appears to be appropriate. The events that are the basis of all of Plaintiff's claims occurred in Queens County, New York, in the Eastern District of

New York. In addition, it is likely that relevant documents and witnesses are located within that judicial district. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* § 1404(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 2, 2020
        New York, New York

_____
        COLLEEN McMAHON
      Chief United States District Judge